HARVEY M. SMITH, RESPONDENT, *v.* ELISHA A. MATTESON, APPELLANT.

*Negligence — right to drive a cow in a highway.*

While the defendant's servant, a boy between fourteen and fifteen years of age, was leading one of the defendant's cows along a country highway, accompanied and assisted by another boy between sixteen and seventeen years of age, the plaintiff, who was riding in a buggy drawn by one horse, overtook and attempted to pass them. The buggy and cow collided and the plaintiff was injured, and he brought this action to recover the damages thereby sustained, upon the theory that it was actionable negligence to permit a boy of that age to lead a cow along a country highway.

*Held,* that it was error for the court to deny a motion for a nonsuit, and that a verdict recovered by the plaintiff should be set aside.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Thomas F. Kearns,* for the appellant.

*T. H. & N. F. Breen,* for the respondent.

FOLLETT, J.:

October 11, 1884, a cow owned by defendant was being led by defendant's servant, a boy between fourteen and fifteen years of age, along a country highway. This boy was accompanied and assisted by another boy between sixteen and seventeen years of age. The plaintiff, while riding in a buggy drawn by one horse, overtook and, in attempting to pass the cow, the buggy and cow collided and the plaintiff was injured.

This action was brought to recover the damages sustained by the injury, upon the theory that it was actionable negligence to permit a boy of this age to lead a cow along a country highway. Upon this theory the action was tried, and upon this theory the verdict rests.

The defendant had the same right to use the highway for the purpose of driving his cow that the plaintiff had to use it for riding. No contractual relations existed between the parties, neither owing any duty to the other except to use proper care in the use of the public highway. Whether the defendant was negligent in permitting this boy to lead this cow is to be determined by the events occurring and facts existing before the accident. The undisputed evidence is that the cow, previous to the occurrence, was gentle. There is no evidence that the cow was vicious or difficult to lead on the occasion in question, or even after the accident. There is no evidence that the boy employed was careless in the discharge of his duties, or in anywise incompetent to perform such service; and I am unable to discover any evidence that the defendant was negligent in the selection of his servant. There is no evidence that the boys did, or omitted an act which caused the accident; nor is there evidence from which it can be inferred that two mature men could have done more or less than was done by the boys. No fact showing a lack of skill or judgment on the part of the boys appears in the case.

It is easy to be wise after an event; but whether the defendant was negligent must, as before stated, be determined by what happened before the accident; and I doubt if the most prudent

farmer would have, before the accident, thought or suggested that it was negligent to trust two boys, working on a farm, to lead this cow along a country highway in the manner described. It seems to me that the judgment in this case extends the doctrine of liability for non-contractual actionable negligence far beyond the doctrine of any reported case, and, if sustained, persons may be held liable for accidents which could not be foreseen and guarded against by the most prudent.

The trial court erred in refusing to nonsuit, and the judgment should be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.